```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                   :
UNITED STATES OF AMERICA                                           :
                                                                   :   THIRD PRELIMINARY ORDER
             - v. -                                                :   OF FORFEITURE AS TO
                                                                   :   SUBSTITUTE ASSETS
MICHAEL KLEIN,                                                     :
                                                                   :   S1 16 Cr. 535 (CS)
                   Defendant.                                      :
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

WHEREAS, on or about February 6, 2017, MICHAEL KLEIN (the "Defendant"), was charged in a nine-count Superseding Indictment, S1 16 Cr. 535 (CS) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One), subscribing to false tax returns for the years 2009 through 2014 respectively, in violation of Title 26, United States Code, Section 7206(1) (Counts Two through Seven), obstruction of official proceedings, in violation of Title 18, United States Code, Section 1512(c)(2) (Count Eight), and making false statements to the United States Attorney, in violation of Title 18, United States Code, Section 1001 (Count Nine);

WHEREAS, on or about March 7, 2017, the Defendant pled guilty to Counts One through Nine of the Indictment;

WHEREAS, on or about March 7, 2017, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "First Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $5,675,360.49 (the "Money Judgment"), and ordered the forfeiture of all of the Defendant's right title and interest in various assets (the "Specific Property") (D.E. 34);

WHEREAS, on or about August 9, 2017, the Court entered a Final Order of Forfeiture as to the First Order of Forfeiture (D.E. 49);

WHEREAS, on or about April 11, 2017, the Court entered a Second Consent Preliminary Order of Forfeiture as to Specific Property, which ordered the forfeiture of all of the Defendant's right, title, and interest in one 2007 Everglades 290 Pilot with hull number RJDA0153A707 (the "Boat") (the "Second Order of Forfeiture") (D.E. 35);

WHEREAS, on or about January 11, 2021, the Court entered a Final Order of Forfeiture as to the Boat listed in the Second Order of Forfeiture (D.E. 78);

WHEREAS, on or about May 10, 2017, the Court entered a Consent Preliminary Order of Forfeiture as to Substitute Assets, which ordered the forfeiture of all of the Defendant's right, title, and interest in various assets (the "Substitute Assets") (the "First Substitute Assets Order") (D.E. 36);

WHEREAS, on or about January 19, 2018, the Court entered a First Final Order of Forfeiture as to some of the Substitute Assets in the First Substitute Assets Order (D.E. 52) and on or about August 17, 2018, the Court entered a Second Final Order of Forfeiture as to the remaining Substitute Assets in the First Substitute Assets Order (D.E. 61);

WHEREAS, on or about July 24, 2019, the Court entered a Second Preliminary Order of Forfeiture as to Substitute Assets, which ordered the forfeiture of Defendant's right, title, and interest in various assets (the "Second Substitute Assets Order") (D.E. 68);

WHEREAS, on or about May 12, 2020, the Court entered a Final Order of Forfeiture as to the assets in the Second Substitute Assets Order (D.E. 75);

WHEREAS, to date the remaining balance of $5,504,986.26 of the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, other than the Specific Property and the Boat, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following asset in which the Defendant has an ownership interest:

a) approximately $1,874.88 in funds on deposit in account number 55897800 at Tompkins Mahopac Bank, held in the name of Abbie Graphic Services, Ltd.; and

b) a check for $725.00 representing funds placed in escrow by the Defendant with Lawyers Land Title Company

(collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Third Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Third Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Third Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
~~August XXXX, 2022~~
September 9, 2022

SO ORDERED:

*Cathy Seibel*

_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE